## Bell v. Smith et al.

(Decided Dec. 13, 1932.)

CHARLES FERGUSON for appellant.

C. H. WILSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Affirming.

In the early 90's, there was laid out as part of a dream of the late Thomas W. Lawson the city of Grand Rivers. He envisaged a large and thriving metropolis as a part of a grandiose scheme he had of establishing large iron furnaces in this locality. As platted, the town was roughly in the shape of a crescent with the convex part binding along the railroad which ran around the southern boundary of the town. Paralleling and just south of the railroad there was laid off on the plat a street known as Commerce avenue, and as platted it ran from First street on the east to Twenty-

Second street on the west. One block north of Commerce avenue, and paralleling it from at least Twenty-Second street to at least Fifteenth street, there was laid off a street designated Ohio avenue. The town was platted into lots, and such lots bounded by four principal streets were collectively grouped under a block number. The group of lots bounded by Fifteenth and Sixteenth streets, and Ohio and Commerce avenues were known on the plat as block 13, and the group of lots bounded by Sixteenth and Seventeenth streets, and Ohio and Commerce avenues, was known as block 14. The town never fulfilled the high expectations of those who platted it, and most of the streets and avenues laid out on that plat are but paper ones.

The appellant is the owner of all the lots in block 14. The evidence shows, without much, if any, contradiction on the part of the appellant, that for a great number of years, and far in excess of fifteen the traveling public coming from the east along Commerce avenue, when it reached about the middle of block 13, drove in a northwesterly course across the lots in block 13, crossing Sixteenth street about a third of the way southwardly from Ohio avenue, and then across lots 1, 2, 3, 4, and 5, of block 14, until Ohio avenue was reached. It would continue on westwardly along Ohio avenue. Most of such travel was to reach the ferry on the Tennessee river. There was a large hill that came down from the north into block 13 about its middle portion, and the public in traveling as it did was skirting this hill and a gravel pit to reach Ohio avenue. It seems that Ohio avenue in conjunction with Commerce avenue is a thoroughfare from the ferry on the Tennessee river to the ferry on the Cumberland river. Conceiving that the traveling public had no right to this short cut across his lots in block 14, and that it should travel along Commerce and Ohio avenues to Sixteenth street and use that street as the connecting link between such avenues, the appellant erected a fence along Sixteenth street on his property in block 14 in order to obstruct the use of his lots in that block above mentioned by the traveling public. The mayor of the city directed the marshal to destroy this fence, which he did. Thereupon this suit was brought by the appellant to restrain the city officials from interfering with his fence. The latter defended on the ground that the road across these lots had become by lapse of time and by

user on the part of the public a public road. The lower court so held and dismissed the appellant's petition. From the judgment so entered, this appeal is prosecuted.

There is but little involved in this case other than a question of fact. The evidence overwhelmingly establishes that for as much as twenty or thirty years the public, in going between Ohio and Commerce avenues, has been using this diagonal cut across the lots in question and now owned by the appellant who secured title to them in 1929. It is true that counsel for the appellees, in questioning their witnesses, would ask them if the road "along Ohio Avenue" had not been used by the public openly and notoriously and as a matter of right for more than twenty years, from which it is argued that the answers given in response to such question had no bearing on the issue in this case, since it was conceded that Ohio avenue was a public road. Ohio avenue makes a bend at block 14, and the road across appellant's lots to Commerce avenue, when viewed on the map, appears to be the continuance of Ohio avenue to Commerce avenue, although as a matter of fact it technically is not. It is no doubt for this reason that counsel for appellees framed his questions as he did. But, be that as it may, the cross-examination of these witnesses by appellant clearly brought out that they were testfiying about this short diagonal cut across appellant's lots from Ohio avenue to Commerce avenue. Appellant contends, however, that the evidence discloses that in the year 1921 there was established by order of the county court a public road from the ferry on the Tennessee river to the ferry on the Cumberland river, the course of which public road ran along Ohio avenue to Sixteenth street, thence over Sixteenth street to Commerce avenue and thence eastwardly along that avenue. With this as a basis, appellant earnestly argues that the only rights the public has are on the road as thus designated in the county court order, and hence it has no right in the diagonal cut-off in question. The order in question did not specifically vacate any road. Moreover, the evidence fails to show that the public ever used Sixteenth street as the connecting link between Ohio and Commerce avenues either before or after this county court order. On the contrary, the evidence affirmatively discloses that the public continued to use the cut-off after the county

court order, as it had done prior thereto. Whatever other effect this county court order may have had, it did not, under the circumstances of this case, destroy the public's right to use this diagonal cut-off, which even at the time that order had been entered had been used by the public for over 15 years.

Lastly, appellant contends that the usual presumption of a lost grant or dedication arising out of a long user such as we have here ought not to prevail in this case because the lots in question were city lots, and the presumption should be in such case that the user was permissive. Conceding arguendo that appellant's distinction between city and rural property as to the presumption to be applied is sound, yet we are of the opinion that it cannot be invoked here. While it is true that the lots in question are technically city lots, yet practically they are as rural in their nature as they well could be. Commerce and Ohio avenues in fact partake more of the character of highways than avenues of cities, and the cross streets are little, if at all, more than paper ones. The territory resembles an open field far more than it does blocks and lots. Under such circumstances, we are of the opinion that the attempted distinction set up by appellant cannot be applied.

As it was shown that the public had for about 30 years used this diagonal cut-off openly, peaceably, and continuously, it must be held to be a public road, and appellant had no right to fence it as he did. Potts v. Clark, 62 S. W. 884, 23 Ky. Law Rep. 332; Smith v. Illinois Cent. R. Co., 105 S. W. 96, 31 Ky. Law Rep. 1323.

The judgment of the lower court dismissing appellant's petition is correct, and it is affirmed.